# IN THE COURT OF APPEALS OF IOWA

No. 17-1608
Filed July 18, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**COURTNEY JO DETTMER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

Courtney Dettmer appeals her conviction and sentence for operating while intoxicated, second offense. **AFFIRMED.**

Matt O'Hollearn of Brick Gentry, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Courtney Dettmer was heading east on a major Des Moines roadway. As she proceeded into a turn lane, she skidded to a stop to avoid colliding with a Des Moines police officer's westbound car. The officer was also forced to brake.

The officer pulled over and made contact with Dettmer. He observed she "had bloodshot watery eyes, slurred speech, unsteady balance, and the odor of an alcoholic beverage on her breath." A preliminary breath test registered an alcohol level of .166—more than double the legal limit.

The State charged Dettmer with operating a motor vehicle while intoxicated, second offense. *See* Iowa Code § 321J.2 (2017). Dettmer moved to suppress the evidence of her intoxication on the ground the officer lacked probable cause or reasonable suspicion to make the stop. *See generally State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). The district court denied the motion following an evidentiary hearing.

Dettmer stipulated to a trial on the minutes of testimony. The court found her guilty as charged and imposed sentence.

On appeal, Dettmer reprises her argument that the officer lacked reasonable suspicion to stop her vehicle. Reasonable suspicion exists where "the officer had specific and articulable facts that, taken together with rational inferences from those facts, would lead the officer to reasonably believe criminal activity is afoot." *State v. Vance*, 790 N.W.2d 775, 781 (Iowa 2010) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

The district court found Dettmer's "vehicle entered the turn lane at such a speed that [the officer] believed that [Dettmer's] vehicle was not going to stop

before entering" the lanes of oncoming traffic. The court further found that Dettmer "brought her vehicle to an abrupt stop" and, as she did so, "the front end of the vehicle dipped and then the vehicle rocked backwards." The court stated:

> Clearly [Dettmer] was traveling at a speed too high upon entering the turn lane to not necessarily make the turn but rather to make the turn safely; and further, that her stopping at the very last moment caused [the officer] to take evasive action, that being to immediately bring his police vehicle to a stop.

On our de novo review, we find ample support for the district court's findings. Portions of the officer's dashboard camera video were played in open court and captured the sudden stop. The officer confirmed the video depiction. He testified, "[A]s the vehicle was stopping and stopped, it made a hard or quick stop," and "[t]he transfer weight of the vehicle lunged forward and then lunged back at the point of the stop." In his words, "[B]y the time [Dettmer] stopped, the front of her vehicle was actually in the travel[ed] portion of the westbound lane." He stated, "She almost struck my vehicle."

We conclude the officer had reasonable suspicion to stop Dettmer's vehicle. *See State v. McIver*, 858 N.W.2d 699, 703 (Iowa 2015) (concluding "aberrant driving raised suspicion of impairment").[1] Accordingly, we affirm the district court's denial of her motion to suppress as well as her conviction and sentence for operating a motor vehicle while intoxicated, second offense.

**AFFIRMED.**

---

[1] Dettmer argues the facts in *McIver*, with the vehicle proceeding through grass and over a curb, were far more egregious than her abrupt but momentary stop. *See McIver*, 858 N.W.2d at 701. We disagree. McIver's erratic driving took place in and around a parking lot. Dettmer, in contrast, was traveling on a major thoroughfare and in a turn lane requiring caution to steer clear of oncoming traffic.